[Crim. No. 2699.   Second Appellate District, Division Two.—June 13, 1935.]

THE PEOPLE, Respondent, v. CHARLES TUFANO, Appellant.

Paul Angelillo for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted by the court of assault with a deadly weapon and was sentenced to one year in the county jail.  He appeals on the grounds of alleged insufficiency of the evidence and irregularities in the conduct of the trial court.

■ Appellant was visiting at the home of the prosecuting witness and became somewhat intoxicated. Following an altercation he went to his home, secured a revolver and returned to the home of the prosecuting witness and fired two shots at the latter. Appellant declared that the two shots fired were from blank cartridges, but all cartridges in the gun when found by the officers were loaded and were not "blanks". A hole in the house having the appearance of a bullet hole was found near the place where said witness had been standing when the shots were fired. The evidence supports the court's verdict.

■ After the verdict was announced the court inquired: "Do you desire to make application for probation so that the court may determine what punishment to give?" Defense counsel responded: "Yes, your honor." At the time of hearing probation was denied and the sentence above indicated was imposed. Appellant complains of the delay thus occasioned and declares he is entitled to a new trial. There is nothing in the provisions of section 1203 of the Penal Code which precludes the filing of a probation application even though by its terms probation may not be granted, as in the instant case. The inquiry was obviously advantageous to appellant since the penalty imposed was commitment to the county jail, which fixed the crime as a misdemeanor, in lieu of a penitentiary sentence.

The appeal is without merit. The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.